1        HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                          UNITED STATES DISTRICT COURT
7                        WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
8
   RICHARD ROY SCOTT,                        CASE NO. C16-5218-RBL-DWC
9
                        Petitioner,          ORDER DENYING APPEAL OF
10                                           MAGISTRATE JUDGE'S ORDER
            v.
11
   MARK STRONG,
12
                        Respondent.
13

14        THIS MATTER is before the Court on Petitioner Scott's Appeal of Magistrate Judge

15 Christel's Order [Dkt. #8] requiring Scott to Amend his habeas corpus petition for a second time.

16 The Court will treat the appeal as an objection to a magistrate judge's ruling under Fed. R. Civ.

17 P. 72.

18        Scott's primary complaint appears to be that the Magistrate Judge's reference to a habeas

19 petition §2254, rather than §2241—the "power to grant writ" statute that Scott now claims is

20 "overtly" the sort of Writ he seeks, though he has not cited that statute in either of his initial

21 attempts.  Indeed, the form Scott filed as his amended petition is entitled, "Petition under 28

22 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody." [Dkt. #6]. Scott points

23 out that the reference is incorrect because that he was released from custody (prison) in 2003, but

24

even §2241 does not "extend to a prisoner unless . . . .he is in custody . . . ." 28 U.S.C. §2241(c). And the Rules governing §2254 cases specifically provide that "the District Court may apply any or all of these rules to a habeas corpus petition not covered in Rule 1(a)" [relating to §2254 petitions, specifically].  *See* Rules Governing Section 2254 Cases 1(b), "Other cases."

In any event, the Magistrate's rejection of Scott's amended petition was correct.  Scott answered most of the form's questions "attached," and the rest with remarks like "uh?" "Really weird questions" and "What is this all about, not a lawyer." [Dkt. #6]

This is not helpful. The Magistrate Judge did not require Scott to fill out a form for sport. The Order (like the Rules governing habeas petitions) was intended to flesh out the basis for Scott's claim(s) to relief, both factually and legally—including prior petitions and his efforts to exhaust his state remedies.  This applies to each of the grounds upon which his habeas petition is based. For this reason, Scott's objection to the Magistrate Judge's order [Dkt. #8] is OVER-RULED and that decision is ACCEPTED under Fed. R. Civ. P. 72(a). Scott shall file an amended Petition, addressing the deficiencies outlined in the Order and in substantially the form used for §2254 petitions (even if he intends to file a §2241 petition) by **JUNE 10, 2016.** The Petition should also address the issue Scott raised in his objection, namely, whether Scott is "in custody" as that term is used in the habeas context**.**

Scott also asks this Court to re-assign the case to a different Magistrate Judge, citing what he concludes must be bias on the part of Judge Christel. The Court will construe this as a Motion for Judge Christel to Recuse himself. That portion of Scott's "appeal" is RE-REFERRED to Magistrate Judge Christel for resolution in the first instance.

Finally, Scott also asks that the case be re-assigned to Judge Bryan, because he "knows Scott's history and the fact that this is an appeal of the denial of a motion to vacate his old

1   conviction." [Dkt. #10 at 2]. But that fact that one judge is more familiar with a litigant (even if

2   it was true) is not a basis for Recusal.

3          A federal judge should recuse himself if "a reasonable person with knowledge of all the

4   facts would conclude that the judge's impartiality might reasonably be questioned." 28

5   U.S.C.§144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).

6   This is an objective inquiry concerned with whether there is the appearance of bias, not whether

7   there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v.*

8   *Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

9          Scott has not claimed, much less shown, that a reasonable person could question this

10  Court's impartiality. This Court will not recuse itself, and REFERS this portion of Scott's appeal

11  (and of this Order) to Chief Judge Martinez under LCR 3(e).

12         IT IS SO ORDERED.

13

14  Dated this 17th day of May, 2016.

15

16  _____

17  Ronald B. Leighton
    United States District Judge

18

19

20

21

22

23

24

ORDER DENYING APPEAL OF MAGISTRATE
JUDGE'S ORDER - 3