1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10
RICHARD ROY SCOTT,

11
                Petitioner,

12
     v.

13
MARK STRONG,

14
              Respondent.

CASE NO. 3:16-CV-05218-RBL-DWC

ORDER REGARDING PLAINTIFF'S
MOTION FOR RECUSAL

15

16
      The District Court has referred this action filed under 28 U.S.C. § 2254 to United States

17
Magistrate Judge David W. Christel. On May 2, 2016, Petitioner filed an "Appeal to Judge"

18
("Appeal"), appealing the undersigned's Order directing Petitioner to file a second amended

19
federal habeas Petition ("Petition"). Dkt. 10. Within his Appeal, Petitioner requested this Court

20
recuse itself. *See id.*; Dkt. 11. The Honorable Ronald B. Leighton, the district judge assigned to

21
this case, accepted the undersigned's order directing Petitioner to file a second amended petition

22
and re-referred the portion of the Appeal requesting recusal of the undersigned. Dkt. 11.

23

24

After review of the recusal portion of Petitioner's Appeal, this Court will not recuse itself and refers this portion of Petitioner's Appeal and this Order to Chief Judge Martinez pursuant to Local Civil Rule 3(e).

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment

impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Petitioner has not shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## CONCLUSION

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily and this portion of Petitioner's Appeal is referred to Chief Judge Martinez pursuant to the Local Civil Rule 3(e).

The Clerk of the Court is directed to place the Appeal requesting recusal of the undersigned on Chief Judge Martinez's motion calendar.

The Clerk of the Court shall send a copy of this Order to Petitioner and to any parties who have appeared in this action.

Dated this 18th day of May, 2016.

David W. Christel
United States Magistrate Judge